IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVARISTO CAMPA VELAZQUEZ, ) )  Petitioner, ) ) v. ) ) SAM OLSON Field Office Director of ) ORAL ARGUMENT Enforcement and ) Removal Operations, Chicago ) REQUESTED Field Office, Immigration ) and Customs Enforcement; Kristi ) NOEM, Secretary, U.S. Department of ) Homeland Security; U.S. ) DEPARTMENT OF HOMELAND ) SECURITY; Pamela BONDI, U.S. ) Attorney General; EXECUTIVE ) OFFICE FOR IMMIGRATION ) REVIEW, WARDEN DOE, Warden of ) Broadview Processing Center, ) )  Defendants. | No. 25 CV 14360  Judge John J. Tharp, Jr. |

**ORDER**

Petitioner has filed a 28 U.S.C. § 2241 habeas corpus petition challenging her present detention in ICE custody. Respondent is ordered to respond to the habeas corpus petition by 12/1/2025. Petitioner shall reply by 12/4/2025. In addition, Respondent shall make a preliminary filing by 5:00 p.m. on 11/27/2025, stating: (1) whether Petitioner was located in the Northern District of Illinois at the time this case was filed; (2) the current status of Petitioner's immigration proceedings; (3) Petitioner's current location and proper Respondent based on that location; and (4) the government's view as to whether the recent decision in *Castañon Nava v. DHS*, No. 18 C 3757 (N.D. Ill) (Dkt. 214) (addressing a consent decree) has any effect on Petitioner's habeas corpus case.

Pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, the Government is ordered not to remove Petitioner from the jurisdiction of the United States and not to transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) (citing 28 U.S.C. § 1651(a)) ("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.") If the Petitioner

is already, as of the posting of this order, located outside of Illinois, Indiana, or Wisconsin but within the United States, or is in the midst of transportation outside of those States to another State, then this bar on transfer does not require the immediate return of the Petitioner as long as Respondent intends to hold Petitioner within the United States. The Clerk shall email a copy of this order to Tom Walsh, Chief of the Civil Division, United States Attorney's Office, Northern District of Illinois, Craig Oswald, AUSA, United States Attorney's Office, Northern District of Illinois, and Joshua Press, AUSA, United States Attorney's Office, Northern District of Illinois.

Date: November 25, 2025

John J. Tharp, Jr.
United States District Judge